# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2022

Lyle W. Cayce
Clerk

No. 21-50913
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Weldon Miller,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7-12-CR-230-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Mark Weldon Miller, federal prisoner # 01992-380, was convicted of child pornography offenses in violation of 18 U.S.C. § 2252(a) and sentenced to a total of 204 months in prison and to a supervised release term of life. His first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

was denied with reasons. First, the district court found that Miller's desire to care for his ageing parents did not "rise to the level of extraordinary and compelling reasons" warranting a reduction to his sentence. Second, with reference to the policy statement in U.S.S.G. § 1B1.13(2), the district court found that Miller failed to establish that he was not a danger to the community under 18 U.S.C. § 3142(g).

In his second motion for compassionate release, Miller argued that his hypertension put him at greater risk for complications from COVID-19 and that the prison could not keep him safe from COVID-19. The district court denied that motion in a text only order "for the same reasons stated in [its earlier order]."

Miller appeals the denial of the second motion, arguing that, because he offered different reasons for his second motion, because we have ruled § 1B1.13 is inapplicable to motions for compassionate release, and because the Government was not ordered to respond to his second motion, the district court's text only order referencing its earlier denial was inadequate. He also argues that, to the extent the district court relied on its earlier denial, those reasons were erroneous because § 1B1.13 is inapplicable to motions for compassionate release and because the district court failed to consider the 18 U.S.C. § 3553(a) factors. Our review is for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

We agree that the district court abused its discretion in denying Miller's second motion for compassionate release, and we VACATE the district court's order and REMAND for reconsideration in light of our decisions in *United States v. Sauseda*, No. 21-50210, 2022 WL 989371, 1-3

No. 21-50913

(5th Cir. Apr. 1, 2022),[1] and *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

---

[1] Although *Sauseda* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).